## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In Re: | NICHOLAS V. COPPA | : | CHAPTER 13 |
| | | : | |
| | Debtor | : | |
| | | : | BANKRUPTCY NO.  15-12430 |
| | | : | |
| | | : | DATE:    April 28, 2015 |
| | | : | TIME:    2:30 p.m. |
| | | : | LOCATION:  Courtroom #5 |

## MOTION FOR CONTINUATION OF AUTOMATIC STAY

The Debtor hereby moves this Court, pursuant to section 362(c)(3)(B), for an order continuing the automatic stay provided under section 362(a) as to all creditors.  In support of this motion, the Debtor states as follows:

1. On April 8, 2015, the Debtor filed a petition under chapter 13 of the Bankruptcy Code.

2. On August 19, 2014, the Debtor filed his only previous bankruptcy case which was dismissed on December 16, 2014, due to the Debtor's failure to make his chapter 13 plan payments.

3. When the Debtor commenced his prior chapter 13 bankruptcy case, he had no regular source of income.  Subsequently, the Debtor has found steady work as an independent contractor for Temple University.

4. The income that the Debtor receives is sufficient to cure his mortgage arrearage as well as pay all reasonable and necessary expenses to maintain his household.

5. The petition in this case has been filed in good faith.  The Debtor believes that he will be able to submit a chapter 13 plan that will be confirmed and that he will be able to perform under the terms of the plan.

6. The Debtor's prior chapter 13 case, dismissed on December 16, 2014, was the only

previous case filed by the Debtor that was pending during the preceding year.

7. The Debtor's prior chapter 13 case was not dismissed because the Debtor failed to make adequate protection payments ordered by the Court.

8. The Debtor's prior chapter 13 case was not dismissed at a time when there had been a motion for relief that was pending before the Court or resolved with an order terminating, conditioning or limiting the stay,

WHEREFORE, the Debtor requests that this Court continue the automatic stay under section 362(a) as to all creditors for the duration of this chapter 13 proceeding, or until such time as the stay is terminated under section 362(c)(1) or (c)(2), or a motion for relief is granted under section 362(d).

Respectfully submitted,

Lohr & Associates, Ltd.

Dated: April 14, 2015  By:  /s/ Robert J. Lohr II
Robert J. Lohr II
Lohr & Associates, Ltd.
1246 West Chester Pike
Suite 312
West Chester, PA 19382
(610) 701-0222 - telephone
(610) 431-2792 - facsimile
bob@lohrandassociates.com - e-mail